UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL
PENSION FUND, NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE FOR
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, INTERNATIONAL
TRAINING INSTITUTE FOR THE SHEET METAL
AND AIR CONDITIONING INDUSTRY, and
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

**NOT FOR ELECTRONIC OR
PRINT PUBLICATION**

**REPORT &
RECOMMENDATION**

Plaintiffs,

- against -                                    10-CV-01356 (DLI) (RER)

K & K CONSTRUCTION OF QUEENS COUNTY,
INC. and KOSTAS KALAFATIS, as an individual,

Defendants.
------------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs, Sheet Metal Workers' National Pension Fund, National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry, Sheet Metal Occupational Health Institute Trust, International Training Institute for the Sheet Metal Industry Fund (collectively, the "Benefit Funds"), move to hold Kostas Kalafatis ("Kalafatis") in civil contempt for failure to comply with a subpoena seeking testimony and documents pursuant to Federal Rule of Civil Procedure 45. (Dkt. No. 15.)

The Honorable Dora L. Irizarry referred the matter to me. (Dkt. Entry, 6/27/2011.) On July 27, 2011, I gave Kalafatis one last opportunity to comply with the subpoena, ordering him to appear for deposition and produce requested documents by August 10, 2011, or to appear before me on August 17, 2011 to show cause why a contempt order should not issue. (Dkt. No. 17.)

Upon Kalafatis's failure to comply with the properly issued and served subpoena and this Court's orders, I now issue this report and recommendation certifying the facts underlying a finding of contempt, and recommending that plaintiffs' request for contempt sanctions be granted.

I. **The Court's Power of Contempt**

Pursuant to Federal Rule of Civil Procedure 45(e), an "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." The court has the power to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

To hold a person in civil contempt, the subpoena must have been properly served. *See, e.g.*, *Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-2507, 2010 WL 2346283, at *4 (E.D.N.Y. Apr. 21, 2010), *adopted by* 2010 WL 2346276 (recommending that no issue of contempt should issue where Rule 45 subpoena was not properly served). Due process also requires that the person be given notice that he is a defendant in a contempt hearing and an opportunity to be heard. *See Drywall Tapers & Pointers of Greater New York, Local 1974 of I.B.P.A.T. AFL-CIO v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n*, 889 F.2d 389, 394 (2d Cir. 1989); *Sanchez v. Pathmark Stores, Inc.*, No. 04 Civ. 1159, 2009 WL 398103, at *1 (S.D.N.Y. Feb. 17, 2009).

Finally, the court must find three essential elements to issue an order of contempt: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

## II. Magistrate Judge's Authority

A federal magistrate judge's power to exercise contempt authority is laid out in 28 U.S.C. § 636(e). Under the circumstances of this matter, a magistrate judge's authority is limited to certification of the relevant facts to the district judge and recommendation for an order of contempt. *See* 28 U.S.C. § 636(e)(6); *State Farm Mutual Auto. Ins. Co. v. Cohan*, No. 09-CV-2990, 2010 WL 3000685 (E.D.N.Y. July 28, 2010) (certifying facts surrounding failure to comply with post-judgment Rule 45 subpoena to district judge and recommending a finding of contempt and imposition of appropriate sanctions); *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116 (E.D.N.Y. 2008) (adopting the report and recommendation of the magistrate judge who certified the facts underlying contempt and recommended that an order of contempt issue).

A magistrate judge may conduct a hearing, but only to certify the facts—not to issue an order of contempt. *State Farm*, 2010 WL 3000685, at *1. The magistrate's judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." *Hunter TBA*, 250 F.R.D. at 118 (citations omitted). After the magistrate judge certifies the facts, the district judge shall hear the evidence as to the complained of conduct, and issue an order of contempt if appropriate. *See* 28 U.S.C. § 636(e)(6). Where the magistrate judge "declines to certify the conduct to the district court for a determination of contempt, the 'district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge.'" *Hunter TBA*, 250 F.R.D. at 118 (quoting *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y.1999)).

## III. Certification of Facts

The Court hereby certifies that the plaintiffs have set forth a *prima facie* case for

3

contempt based on the following facts:

1. On April 25, 2011, plaintiffs' attorney issued a subpoena pursuant to Rule 45 commanding Kalafatis to appear for a deposition at 10:30 a.m. on May 17, 2011, and to produce certain documents pertaining to Kalafatis' earnings and assets.

2. Plaintiffs unsuccessfully attempted personal service of Kalafatis at his last known residence on April 13, 2011 at 6:11 p.m., April 15, 2011 at 7:31 a.m., and April 25, 2011 at 3:40 p.m. On the final attempt, plaintiffs' process server affixed a copy of the subpoena (as he had done on each prior occasion), and also mailed a copy via first class mail.

3. Between April 25th and May 17th, plaintiffs' counsel attempted, unsuccessfully, to contact Kalafatis to ascertain whether he would appear for the deposition.

4. Kalafatis failed to show up for deposition, and otherwise failed to respond to the subpoena.

5. On June 3, 2011, plaintiffs' moved for an order of contempt.

6. On June 7, 2011, Judge Irizarry ordered Kalafatis to respond to plaintiffs' motion no later than June 24, 2011. Kalafatis failed to respond, and the matter was referred to the undersigned.

7. On July 27, 2011, I ordered Kalafatis to comply with the subpoena by August 10, 2011, or to appear before me on August 17, 2011 to show cause as to why a contempt order should not issue. I warned Kalafatis that failure to comply or appear would result in a recommendation that he be found in contempt and that sanctions be imposed in the form of a fine and payment of plaintiffs' legal fees and costs.

8. Plaintiffs served my order by attempting personal service at Kalafatis's last known residence (and eventually affixing a copy to the door),[1] personally serving the order at his last known place of business upon a person of suitable age and discretion, and also mailing a copy of the same to both locations via certified mail.

9. Kalafatis failed to comply with the subpoena, and to appear at the August 17, 2011 hearing.

IV. **Analysis**

Addressing first the threshold issues of proper service and notice of the contempt hearing, I find that both are met. Kalafatis has been properly served with the subpoena such that the manner of service—via the combination of service prior to bringing this motion, and as directed in my last order—was reasonably designed to ensure that Kalafatis actually received the subpoena. *See Beare v. Millington*, No. 07-CV-3391, 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010); *JP Morgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08 Civ. 9116, 2009 WL 1313259, at *2-3 (S.D.N.Y. May 11, 2009) (service of subpoena by certified mail, leaving a copy with person of suitable age and discretion); *Cartier v. Geneve Collections, Inc.*, No. 07-CV-0201, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) ("This Court agrees with the reasoning of a growing number of courts that have held that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal

---

[1] This time, personal service at Kalafatis's home address was attempted four more times before eventually affixing the subpoena and order to Kalafatis's door and sending a copy via first class mail. Specifically service was attempted on: July 28, 2011 at 6:18 p.m., July 29, 2011 at 7:33 a.m., July 30, 2011 at 12:06 p.m., and August 1, 2011 at 9:25 a.m. (Dkt. No. 18.) Thus, plaintiffs have attempted "in hand delivery" in this matter no less than seven times, excluding from that count attempts made to serve him at his place of business.

service."); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) (holding that "in hand delivery" is not required for proper service of a Rule 45 subpoena "so long as service is made in a manner that reasonably insures actual receipt of the subpoena."). By the same token, Kalafatis was provided sufficient notice that he was a defendant in a contempt hearing both by service of Judge Irizarry's first order to answer dated June 7, 2011 and my order to comply or appear at a show cause hearing dated July 27, 2011.

Turning then to the elements necessary to the issuance of an order of contempt, I find that all three are met. First, the subpoena was clear and unambiguous. The subpoena clearly set forth the date, time, and manner of response required. Moreover, this Court's order also clearly and unambiguously set forth two options for Kalafatis: (1) comply with the subpoena by August 10th or (2) appear at a show cause hearing to explain why he should not be held in contempt. The repercussions of non-compliance were made equally clear.

I also find that the evidence is clear and convincing that Kalafatis has not complied. Plaintiffs' counsel provided a sworn statement that Kalafatis failed to answer the initial subpoena, plaintiffs' counsel also represented both in a status report letter and at the show cause hearing that Kalafatis failed to comply (or even attempt to communicate with plaintiffs' counsel) by the August 10th deadline, and Kalafatis failed to appear at the show cause hearing.

Finally, Kalafatis has not made any attempt, let alone a diligent attempt, to comply with the subpoena in any way, nor has he given any excuse to this Court for his failure to comply despite multiple opportunities to either comply or answer the allegations. Thus, I also find that Kalafatis has not diligently attempted to comply with the subpoena in a reasonable manner.

Accordingly, I respectfully recommend that Kalafatis be held in contempt for failure to

respond to plaintiffs' subpoena and for failure to comply with this Court's order, and that he be sanctioned as plaintiffs request.

## CONCLUSION

Based upon the facts certified herein, I respectfully recommend that Kalafatis be held in contempt of court, that he be fined $100 per day that he continues to fail to comply with the subpoena, and that he also be required to pay plaintiffs' reasonable legal fees and costs incurred in bringing this motion.

Any objections to this Report and Recommendation ("R&R") must be filed with the Clerk of the Court and the Chambers of the Honorable Dora L. Irizarry within fourteen days of receiving the R&R. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15,16 (2d Cir. 1989). Plaintiffs shall personally serve a copy of this R&R upon Kalafatis (or person of suitable age and discretion) at both his residence and place of business, as well as by certified mail. Plaintiffs shall file proof of service within five business days of this R&R.

Dated: August 17, 2011
      Brooklyn, New York

                                                                              */s/ Ramon E. Reyes, Jr.*
                                                                             **Ramon E. Reyes, Jr.**
                                                                             **United States Magistrate Judge**